# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

JAMES PATRICK DENSMORE,    )
                                   )
       Movant,            )
                                   )
v.                           )     Case No.  CV407-146
                                   )     [underlying CR405-004]
UNITED STATES OF AMERICA,   )
                                   )
       Respondent.      )

## REPORT AND RECOMMENDATION

Movant has moved to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255.  (Doc. 1.)[1]  The government has responded in opposition to the motion.  (Doc. 4.)

## I.    BACKGROUND

On January 6, 2006, movant was indicted by a federal grand jury on one count of conspiracy, one count of possession of counterfeit securities, two counts of mail fraud, and five counts of wire fraud.  (Cr. Doc. 4.)  On

---

[1] Unless otherwise noted, citations are to the docket in movant's civil case, CV407-146.  "Cr. Doc." refers to documents filed under movant's criminal case, CR405-004.

February 15, 2006, a jury found movant guilty on all nine counts. (Cr. Doc. 101.) On May 26, 2006, he was sentenced to sixty months' imprisonment on Count 1, sixty-six months' imprisonment for Counts 2-9 to be served concurrently, and three years' supervised release. (Doc. 121.) He was assessed $900 and ordered to pay $1,214,000 in restitution. (Id.) The Eleventh Circuit affirmed movant's conviction and sentence on December 18, 2006. United States v. Densmore, 210 F. App'x 965 (11th Cir. 2006) (per curiam).

Movant is currently incarcerated at the Federal Prison Camp in Atlanta, Georgia. (Doc. 1.) On October 5, 2007, he filed the instant § 2255 petition, asserting the following grounds for relief:

(1)  government agents threatened and intimidated defense witnesses to prevent them from testifying at trial, trial counsel was ineffective for failing to challenge the misconduct, and appellate counsel was ineffective for failing to raise this on appeal;

(2)  government agents concealed a videotape that contradicted a government witness's testimony, trial counsel was ineffective for failing to expose the coverup, and appellate counsel was ineffective for failing to raise this on appeal;

(3)     trial counsel was ineffective for failing to permit movant to testify on his own behalf at trial,[2] and appellate counsel was ineffective for failing to raise this on appeal;

(4)     trial counsel was ineffective for failing to move to suppress certain evidence gathered under an improper search warrant, and appellate counsel was ineffective for failing to raise this on appeal;

(5)     the criminal indictment was invalid because it improperly treated money laundering as a continuous offense, trial counsel was ineffective for failing to object to the faulty indictment, and appellate counsel was ineffective for failing to raise this on appeal;

(6)     the criminal indictment was invalid because it was duplicitous, trial counsel was ineffective for failing to object to duplicity in the indictment, and appellate counsel was ineffective for failing to raise this on appeal; and

(7)     trial counsel was ineffective for failing to impeach certain government witnesses whose testimony at trial was inconsistent with prior sworn testimony, and appellate counsel was ineffective for failing to raise this on appeal.

The government responded on November 9, 2007. (Doc. 3.) Movant replied

to the response on December 20, 2007. (Doc. 4.)

---

[2] Though movant does not frame this as a claim for ineffective assistance of counsel, "the appropriate vehicle for claims that the defendant's right to testify was violated by defense counsel is a claim of ineffective assistance of counsel." United States v. Teague, 953 F.2d 1525, 1534 (11th Cir. 1992).

## II.   LEGAL FRAMEWORK

### A.   Procedural Default

Movant did not raise any of his grounds for relief at sentencing or on appeal.  In <u>Lynn v. United States</u>, 365 F.3d 1225 (11th Cir. 2004), the Eleventh Circuit explained that "[u]nder the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." <u>Id.</u> at 1234.  Movant, however, has framed each ground as a claim for ineffective assistance of trial and appellate counsel.

Claims for ineffective assistance of counsel are not subject to the procedural default rule because such claims generally require consideration of matters that are outside the record on direct appeal.  <u>Compare</u> <u>United States v. Arango</u>, 853 F.2d 818, 823 (11th Cir. 1988), <u>with</u> <u>United States v. Andrews</u>, 953 F.2d 1312, 1327 (11th Cir. 1992).  The Supreme Court has held that because of the unique aspect of such claims, "an ineffective assistance of counsel claim may be brought in a collateral proceeding under § 2255, whether or not the movant could have raised the claim on direct

appeal." Massaro v. United States, 538 U.S. 500, 504 (2003). Thus, the Court is obligated to analyze each of the grounds for relief insofar as they are raised as claims for ineffective assistance of counsel.

Further complicating the analysis, movant's underlying substantive grounds for relief may be excused from the procedural default bar. A § 2255 movant may be excused by establishing either (1) cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error, Lynn, 365 F.3d at 1234 (citing Bousley v. United States, 523 U.S. 614, 622 (1998)), or (2) a constitutional error that probably "resulted in the conviction of one who is actually innocent." Id. (citations and quotation marks omitted). Movant makes no claim of actual innocence, so his substantive grounds for relief are barred unless he can show cause for failing to raise the errors and actual prejudice from those errors.

"[T]o show cause for procedural default, [the movant] must show that some objective factor external to the defense prevented [movant] or his counsel from raising claims on direct appeal and that this factor cannot be fairly attributed to [the movant's] own conduct." Id. at 1235. "Examples of external impediments which have been found to constitute cause in the

procedural default context include 'interference by officials,' 'a showing that the factual or legal basis for a claim was not reasonably available to counsel,' and 'ineffective assistance of counsel.'" Wise v. Fulcomer, 958 F.2d 30, 34 n.9 (3rd Cir. 1992) (citing McCleskey v. Zant, 499 U.S. 467, 494 (1991)). "[C]onstitutionally '[i]neffective assistance of counsel . . . is cause" for excusing procedural default. McCleskey, 499 U.S. at 494 (citations omitted). Accordingly, if the Court finds that counsel performed ineffectively, it must next determine if counsel's error prejudiced his defense. If movant establishes both cause and prejudice, the underlying substantive claims must be reviewed.

**B.    Ineffective Assistance of Counsel**

In Strickland v. Washington, 466 U.S. 668, 687 (1984), the Supreme Court created a two-part test for determining whether a defendant received ineffective assistance of counsel. First, a defendant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. Second, a defendant

must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted.  <u>Id.</u>

Under the first prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances.  <u>Id.</u> at 690.  The movant carries a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  <u>Id.</u> at 689. This standard is particularly difficult to meet in a jury trial, as a jury trial is "by its nature, an enterprise that is filled with imponderables from the viewpoint of a trial lawyer." <u>Rogers v. Zant</u>, 13 F.3d 384, 386 (11th Cir. 1994).  Trying a jury case is an inexact science "that calls not only on the lawyer's head, but also on his heart and nerve."  <u>Id.</u>  Movant's burden is a heavy one; "no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done" as movant's lawyer did.  <u>Id.</u>

Under the second prong, a movant must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); Strickland, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; see also Lightbourne v. Dugger, 829 F.2d 1012, 1022 (11th Cir. 1987); Boykins v. Wainwright, 737 F.2d 1539, 1542 (11th Cir. 1983).

The Supreme Court has held that the same Strickland test applies to claims of ineffective assistance of appellate counsel. Murray v. Carrier, 477 U.S. 478, 488 (1986); Smith v. Murray, 477 U.S. 527, 535-36 (1986). In Jones v. Barnes, 463 U.S. 745 (1983), however, the Court held that the Sixth Amendment does not require appellate advocates to raise every nonfrivolous issue. Effective appellate counsel should "'winnow out' weaker arguments even though the weaker arguments may be meritorious." Id. at 751-52. "[A] deliberate, tactical decision not to pursue a particular claim is the very antithesis of the kind of circumstances that would warrant excusing a defendant's failure to adhere to a State's

legitimate rules for the fair and orderly disposition of its criminal cases."
Smith, 477 U.S. at 537.

## III. ANALYSIS

### A. Ineffective Assistance of Counsel

Movant contends that trial counsel was ineffective for failing to (1) challenge alleged witness intimidation by government agents, (2) challenge government agents' misconduct in concealing a videotape that contradicted a government witness's testimony, (3) permit movant to testify on his own behalf at trial, (4) move to suppress certain evidence gathered under an improper search warrant, (5) challenge the criminal indictment as invalid because it improperly treated money laundering as a continuous offense, (6) challenge the criminal indictment as being duplicitous, and (7) impeach certain government witnesses whose testimony at trial was inconsistent with prior sworn testimony. (Doc. 1 Attach.) He contends that appellate counsel was ineffective for failing to raise these issues on appeal. (Id.)

> 1. *Government Agents' Alleged Threatening and Intimidation of Defense Witnesses*

Movant alleges that he "wanted to call several witnesses to testify on his behalf, and the Government through the Secret Service Agent in charge threatened each witness with prosecution if they testified." (Doc. 1 Attach. at 2.) He specifically alleges that Connie Carden, James Elliott, Kendall Pace, and Leon Bowen were intimidated into silence by either Troy Stamps, the Secret Service Case Agent, or Mike Morris, the Pike County Sheriff's Department Investigator. (Doc. 1. Attach. at 2.)

"A criminal defendant has a constitutional right to 'present his own witnesses to establish a defense.'" United States v. Terzado-Madruga, 897 F.2d 1099, 1108 (11th Cir. 1990) (quoting Washington v. Texas, 388 U.S. 14, 19 (1967)). Government interference may deprive the defendant of this right. "Threats against witnesses are intolerable. Substantial government interference with a defense witness' free and unhampered choice to testify violates due process rights of the defendant." United States v. Goodwin, 625 F.2d 693, 703 (5th Cir. 1980) (citations omitted); see United States v. Hammond, 598 F.2d 1008, 1013 (5th Cir. 1979); Demps v. Wainwright, 805 F.2d 1426, 1433 (11th Cir. 1986); Terzado-Madruga, 897 F.2d at 1108; United States v. Schlei, 122 F.3d 944, 991 (11th Cir. 1990). Movant

contends that trial "[c]ounsel . . . was ineffective for not bringing this matter before the Court and asking for a hearing to search out the truth from the Government." (Doc. 1. Attach. at 4.) He states that appellate counsel was likewise ineffective for failure to raise this issue on appeal. (Id. at 5.)

### a.    Connie Carden and James Elliott

Movant alleges that Secret Service Agent Stamps attempted to threaten both Connie Carden and her father James Elliott into silence. (Doc. 1 Attach. at 3.) The underlying due process claim is meritless.

"In order to substantiate [the underlying due process] claim, [movant] must establish, as a threshold matter, that the government's action worked to deprive him of a witness who could have testified on his behalf." United States v. Garmany, 762 F.2d 929, 937 (11th Cir. 1985). Connie Carden actually testified on movant's behalf at trial (Doc. 1 Attach. at 3), so the government can hardly be said to have "deprived [movant] of a witness." Garmany, 762 F.2d at 937. As there was no due process violation, counsel made no error by failing to pursue this claim at trial. Accordingly, movant cannot overcome the presumption of effective assistance of either trial or

appellate counsel under <u>Strickland</u>, 466 U.S. at 689. Counsel performed effectively, so there is no cause to excuse plaintiff's procedural default.

James Elliott's testimony related solely to the alleged government intimidation of Mrs. Carden. Movant states that Elliott would have testified that Agent Stamps "threatened to put his daughter in prison for bank fraud if she testified for [movant], and he did not testify due to his daughter's situation." (Doc. 1 Attach. at 3.) As Carden testified at trial, Elliott's testimony regarding the alleged government threats was entirely irrelevant. Counsel's failure to pursue Elliott's testimony was thus an entirely reasonable strategic decision.[3] Courts give great deference to strategic decisions of trial counsel. <u>Devier v. Zant</u>, 3 F.3d 1445, 1450 (11th Cir. 1995). Trial strategy, particularly as it involves decisions as to which witnesses to call, is normally entrusted to defense counsel to formulate. <u>Blanco v. Singletary</u>, 943 F.2d 1477, 1500 (11th Cir. 1991). Such tactical decisions are protected under <u>Strickland</u>, 466 U.S. at 690. <u>See</u> <u>Jones v. Dugger</u>, 928 F.2d 1020, 1026 n.8 (11th Cir. 1991).

---

[3] One of movant's trial attorneys, Guy Notte, did inform the trial judge and the Assistant U.S. Attorney prosecuting the case that government agents had been acting aggressively toward Carden and Elliott. (Doc. 1 Ex. 1 at 1.) But, as Carden actually testified at trial, Notte's decision to abandon the issue was a reasonable strategic decision.

b. <u>Kendall Pace</u>

Movant contends that government agents threatened Kendall Pace into silence. (Doc. 1 Attach. at 3.) He alleges that "Pace would have testified that the [movant] worked with him for two years selling tractors and not with Smiley," movant's co-conspirator in the criminal enterprise. (<u>Id.</u>) Movant included an affidavit from Pace supporting this allegation. (Doc. 1 Ex. C.) In the affidavit, Pace avers that he went to the Pike County Sheriff's Office to address an outstanding warrant for his arrest on charges of deposit account fraud. (<u>Id.</u> at 1.) Investigator Morris and Special Agent Stamps apparently knew that Pace had previously worked with movant, so they interviewed him to determine the extent of this involvement. (<u>Id.</u>) During the interview, Agent Stamps allegedly told Pace that if he did not provide the government with information helpful to movant's prosecution, he would face forty years in federal custody for deposit account fraud. (<u>Id.</u>) Nevertheless, Pace insisted that he "was not involved with [movant] and . . . [he] knew nothing about" movant's alleged criminal activities. (<u>Id.</u>)

Movant mischaracterizes Pace's affidavit. Never once in Pace's affidavit is there any indication that he was threatened with any

consequence should he elect *testify* on movant's behalf, as required under Goodwin, 625 F.2d at 703. Rather, Pace suggests that the government agents threatened him with prosecution under a prior outstanding arrest warrant if he refused to provide them with information useful to movant's prosecution. Yet despite Pace's failure to furnish any information helpful to the government, he was never prosecuted or contacted again about the charges. (Doc. 1 Ex. C at 2.)

Courts are not required to find a due process violation every time a witness is questioned by government investigators and then fails testify on a defendant's behalf at trial. And this Court will not reach such an absurd result. As there was no underlying due process violation, trial counsel did not err by failing to pursue the claim. Accordingly, movant fails to overcome the presumption of effective assistance. Similarly, appellate counsel had no reason to raise this meritless contention on appeal.

### c. Leon Bowen

Finally, movant alleges that Mr. Leon Bowen "was contacted by the Secret Service Agent and told if he testified they would make sure he went

to prison. Mr. Bowen did not testify." (Doc. 1 Attach. at 2-3.) Movant states that Bowen would have shown that Mr. Smiley was the leader of the criminal enterprise, not movant. (Id.) He also indicates that Bowen would have testified to inaccuracies in a government witness's trial testimony. (Id.) Movant's argument fails for two reasons.

First, the allegations are entirely conclusory. Movant presents no affidavit or other evidence indicating that counsel would have called Mr. Bowen or that Bowen's decision not to testify resulted from fear of retaliation by government agents. Such conclusory allegations unsupported by facts may be denied as meritless without holding an evidentiary hearing. See Lynn, 365 F.3d at 1239 (conclusory allegations proper basis for denial of § 2255 motion); United States v. Jones, 614 F.2d 80, 82 (5th Cir. 1980) (no hearing needed on contention that was "wholly conclusory and unsupported by factual allegations or proof").

Second, movant cannot satisfy the prejudice prong of the ineffective assistance of counsel inquiry.[4] Strickland, 466 U.S. 686-87. The outcome

---

[4] Movant argues that he is not required to show prejudice under Strickland, 466 U.S. at 691-92, because "[s]ubstantial government interference with a defense witness' free and unhampered choice to testify violates due process rights of the defendant. If such a due process violation occurs, the court must reverse without regard to prejudice of the defendants." Goodwin, 625 F.2d at 703. Movant's legal analysis is incorrect.

of the trial would not have been any different had Bowen testified, as the proposed testimony was irrelevant and repetitious. Bowen's testimony regarding Mr. Smiley's alleged leadership role in the criminal enterprise had no bearing on movant's guilt or innocense or on the sentence imposed upon him. Movant's sentence was not enhanced "based on his role as a leader and/or organizer." <u>Densmore</u>, 210 F. App'x at 969. Furthermore, Bowen's proposed testimony did not conflict with the government witness's testimony at trial; it would have been repetitious at best.[5] Accordingly, the Court finds that there was no reasonable probability that Bowen's

---

Though reversal would be mandated upon such a finding by an appellate court on the merits of the due process claim, movant's claim is a claim for ineffective assistance of counsel, not denial of due process. (Doc. 1 Attach. at 2-5.) Accordingly, movant must satisfy both prongs of the <u>Strickland</u> test for ineffective assistance of counsel in order to be entitled to habeas relief.

[5] According to Mr. Ballew, movant and Smiley convinced him to invest $100,000 in their business. In order to gain his trust, they gave Mr. Ballew a truck to hold as collateral. (Trial Tr. vol. 1, 186.) Movant and Smiley later sought a larger investment from Ballew, but Ballew refused to provide them with any more money. (<u>Id.</u>) Shortly thereafter, they decided to recover the vehicle from Ballew. (<u>Id.</u>) Movant claims "that [Bowen] went with Dickey Etheridge to pick-up [sic] the truck from Mr. Ballew." (Doc. 1 Attach. at 3.) Movant contends that Ballew testified differently at trial, stating that *movant* went with Etheridge to pick up the truck. (Doc. 1 Attach. at 3.)

After reviewing the trial transcript, however, it is clear that Ballew's account does not conflict with movant's version of the events. Ballew stated that Ethridge "and another gentleman . . . who I'd never met before" took the truck. (Trial Tr. vol. 1, 186). Ballew had met with movant on more than one occasion prior to the incident in question, so he would have readily recognized movant. (<u>Id.</u> at 180, 190.) Accordingly, both Ballew and Bowen were in agreement that movant was not present when the truck was recovered.

testimony would "undermine confidence in the outcome" of the case. Strickland, at 466 U.S. 694. Without a showing that counsel's errors prejudiced movant's case, his claim against both trial and appellate counsel must fail.

2. *Government Agent's Alleged Concealing of Evidence Helpful to Movant*

Movant next alleges that government agents concealed evidence he could have used to impeach a government witness and that trial and appellate counsel were ineffective for failing to reveal this misconduct to the court. (Doc. 1 Attach. at 5.) Richard Ethridge testified that movant stole a notary stamp from a retail establishment.[6] (Id.) According to the government's theory of the case, the stamp was later used to create fraudulent documents which movant employed to deceive his victims. (Id.) Movant, however, claims that Ethridge stole the stamp and the theft was recorded on a store videotape. (Doc. 1 Attach. at 5.) He argues that government agents concealed the videotape to bolster Ethridge's testimony, but movant's trial counsel later became aware of the coverup. (Id.) His

_____

[6] Ethridge testified that the stamp "was in a case right beside the counter [in the store] and it was sitting there. And [movant] put it in his pocket and went out the door with it." (Trial Tr. at 348.)

primary contention is that counsel should have notified the court of the government misconduct at trial or on appeal. (Id.)

Trial counsel clearly made a sound strategic decision to avoid delving into this issue, and courts traditionally give great deference to strategic decisions of trial counsel. Devier, 3 F.3d at 1450 (11th Cir. 1995). Movant was charged with various counts of fraud and conspiracy, not with the theft of a notary stamp. (Cr. Doc. 4.) Ethridge's testimony simply established that movant had access to the stamp. Ethridge was movant's employee. (Trial Tr. at 338.) Even if Ethridge did steal the stamp, this fact would not exonerate movant or establish that he did not use it to advance the fraudulent scheme. Accordingly, the details of the initial theft are unimportant. A lawyer in this situation may reasonably have decided to avoid further complicating the case and confusing the jury through belaboring a rather insignificant point of witness credibility. Such a decision is virtually unassailable in the context of a jury trial. Rogers, 13 F.3d at 386.

Furthermore, even if counsel erred by failing to inform the court of this alleged coverup, movant cannot show prejudice. Strickland, 466 U.S.

at 694. Respondent correctly asserts that "Ethridge's testimony about the stolen notary stamp was merely a small portion of the government's case against [movant]." (Doc. 3 at 15.) Taking into account the overwhelming evidence of movant's guilt presented at trial, the Court finds that there is not a reasonable probability that counsel's error would have changed the outcome of the case. Movant was not denied effective assistance of trial or appellate counsel on this ground.

### 3. Counsel's Refusal to Permit Movant to Testify on His Own Behalf at Trial

Movant claims that trial counsel was ineffective for refusing to permit movant to testify at trial and that appellate counsel was ineffective for failing to raise this issue on appeal. (Doc. 1 at 5.) The record refutes this contention. Movant expressly admitted that it was his independent decision not to testify in his case. (Trial Tr. at 504.) Movant's declarations in open court carry a strong presumption of veracity, which is not overcome by the subsequent presentation of conclusory and contradictory allegations. Blackledge v. Allison, 431 U.S. 63, 74 (1977); see United States v. Stitzer, 785 F.2d 1506, 1514 n.4 (11th Cir. 1986). As this ground is meritless, movant cannot overcome the presumption of effective assistance.

### 4. *Failure to Move to Suppress Certain Evidence*

Movant alleges that the his home was searched pursuant to an invalid search warrant. (Doc. 1 Attach. at 10.) He states that there were two search warrants issued on the same day, one before the search of his home began, and one afterwards. (Id.) The first warrant improperly stated that the issuing magistrate judge was from two different counties. (Id. at 9-10.) The second warrant corrected this mistake, but it was issued after the search. (Id.) Movant contends that trial counsel was ineffective for failing to move to suppress evidence collected pursuant to the first warrant and appellate counsel was ineffective for failing to raise this on appeal. (Id.)

Had trial counsel moved to suppress the evidence gathered from the search of movant's home, the motion would not have succeeded. Movant and his wife consented to the search of their home and automobiles, and movant consented to the search of his safes. (Doc. 3 Ex. B.) Consent to a search obviates the need for a search warrant. United States v. Gonzalez, 71 F.3d 819, 827 (11th Cir. 1996). Furthermore, the initial warrant merely had a typographical error, which would fall within the good faith exception to the exclusionary rule. See United States v. Leon, 468 U.S. 897, 898

(1984) ("the exclusionary rule is designed to deter police misconduct rather than to punish the errors of judges and magistrates"); Arizona v. Evans, 514 U.S. 1, 15 (1995) ("Application of the *Leon* framework supports a categorical exception to the exclusionary rule for clerical errors of court employees."). Trial counsel had no grounds to move to suppress the evidence. Appellate counsel likewise had no reason to raise this non-existent issue on appeal. Accordingly, neither trial nor appellate counsel can be said to have made "errors so serious that [they were] not functioning as the 'counsel' guaranteed by the Sixth Amendment." Strickland, 466 U.S. at 689.

5. *Money Laundering Charged as a Continuous Offense in the Indictment*

Movant contends that Count 1 of his indictment (Cr. Doc. 4) failed to properly charge an offense. (Doc. 1 Attach. at 11.) He claims that the indictment charged him with money laundering, but it improperly framed it as a "continuous offense." (Id.) Eleventh Circuit precedent clearly establishes that money laundering is not a continuous offense. United States v. Kramer, 73 F.3d 1067, 1072-73 (11th Cir. 1996). Movant, therefore, claims that trial counsel was ineffective for failing to challenge

the indictment and appellate counsel was ineffective for failing to raise this on appeal. (Doc. 1 Attach. at 11.)

Movant, however, is mistaken. Count 1 of the indictment charged movant with conspiracy under 18 U.S.C. § 371, not with money laundering. (Cr. Doc. 4 at 1.) Conspiracy, unlike money laundering, is not a transaction specific offense. Thus, even if trial or appellate counsel had raised this claim, the motion would have been denied. As movant's underlying contention is meritless, movant once again fails to establish that trial or appellate counsel performed inadequately under the first prong of Strickland, 466 U.S. at 689.

### 6. *Duplicity in the Indictment*

Movant alleges that Count 1 of his indictment impermissibly combines two or more separate offenses so it is duplicitous and therefore invalid. (Doc. 1 Attach. at 13.) A duplicitous indictment charges two or more separate and distinct crimes within a single count. United States v. Burton, 871 F.2d 1566, 1573 (11th Cir. 1989). The indictment, however, is not duplicitous.

Count 1 of the indictment charged movant with a single count of conspiracy to defraud the United States in violation of 18 U.S.C. § 371. (Cr. Doc. 4 at 1.) Listing the various goals of a conspiracy is not the equivalent of charging multiple offenses in a single count. Braverman v. United States, 317 U.S. 49, 54 (1942). Movant, therefore, cannot show that he received ineffective assistance of trial or appellate counsel for their failure to pursue this frivolous claim.

       7.    *Counsel's Failure to Impeach the Government's Witnesses when their Testimony was Inconsistent with Prior Sworn Testimony*

Finally, movant argues that trial counsel was ineffective for failing to impeach two of the government's witnesses at trial. (Doc. 1 Attach. at 14.) Specifically, movant alleges that John Hill and Tom Cooper, two of movant's fraud victims, testified at trial that movant was Mr. Smiley's partner. (Id.) Before the grand jury, however, they testified that they had "never met [movant], never talked [to him], and never heard of him." (Id.) Trial counsel was allegedly aware of the testimonial discrepancies but failed to impeach the witnesses with their prior inconsistent statements. (Id.)

Appellate counsel was allegedly ineffective for failing to raise trial counsel's error on appeal. (Id.)

After reviewing the record, however, it is clear that trial counsel did impeach Mr. Hill using his prior grand jury testimony. (Trial Tr. at 298-302.) Counsel did not err, so the claim as it relates to Mr. Hill is meritless. Regarding Mr. Cooper's testimony, movant cannot show that trial counsel's failure to impeach him using prior testimony prejudiced his case. Strickland, 466 U.S. at 694. Cooper was rigorously questioned by trial counsel on cross-examination regarding his identification of movant as Smiley's partner. (Trial Tr. at 216-220.) Accordingly, the Court finds that any error made by counsel did not create a reasonable probability that the result would have been different but for counsel's deficient performance. Kimmelman, 477 U.S. at 375.

## B.    Procedural Default of Underlying Substantive Grounds

Movant alleged in each of his grounds for relief that trial and appellate counsel were ineffective. (Doc. 1 Attach.) A showing of ineffective assistance of counsel demonstrates cause to excuse a procedural default. McCleskey, 499 U.S. at 494. After reviewing each ground, however, the

Court finds that counsel performed effectively. As movant does not indicate any other factor external to his defense that supports a showing of cause to excuse the procedural default, all of the underlying substantive grounds for relief are barred. <u>Lynn</u>, 365 F.3d at 1234.

## IV. CONCLUSION

Movant has failed to demonstrate that either his trial or appellate counsel was ineffective. The Court therefore recommends that his § 2255 motion be **DENIED**.

**SO REPORTED AND RECOMMENDED** this 8Th day of January, 2008.

_____

**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**
